# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                Petitioner,

v.

Kevin Grell,

                Respondent.

Civ. No. 15-mc-08 (JRT/BRT)

**REPORT AND RECOMMENDATION**

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on the United States' petition to enforce an Internal Revenue Service ("IRS") summons issued to Kevin Grell on August 5, 2014. (Doc. No. 1.) The IRS is conducting an investigation into the federal income tax liability of Grell for tax years 2011 and 2012. (Doc. No. 2, Decl. of Bart Brellenthin ¶ 2.) To that end, on August 5, 2014, the IRS issued an administrative summons directing Grell to appear before revenue officer Bart Brellenthin on August 18, 2014, to provide testimony and produce books, records, and other documents relating to income he received in 2011 and 2012. (Doc. No. 2, Attach. 1, Summons.) After receiving the summons, Grell indicated his intention not to comply, writing: "Your attempt to contract with me has been rejected. I am a 'state' Citizen therefore you have no jurisdiction to move forward with your false assumptions and presumptions. I am NOT a U.S. citizen nor am I resident under the District of Colombia, its territories, or subject to its codes and statutes." (Doc.

No. 2, Attach. 2, Grell letter dated Aug. 12, 2014.) Grell did not appear before the IRS officer on August 18, 2014, or anytime thereafter. (Brellenthin Decl. ¶¶ 7–8.)

On February 20, 2015, the federal government filed a petition to enforce the IRS summons against Grell, along with a request to "recover its costs in maintaining this action." (Doc. No. 1 at 3.) The government submitted a supporting declaration from revenue officer Brellenthin, who asserts that the testimony and documents sought by the administrative summons are relevant to the IRS investigation into Grell's federal income tax liability for 2011 and 2012, that the requested information is not already within the IRS's possession, and that the IRS has followed all administrative steps required by the Internal Revenue Code for issuing a summons. (Brellenthin Decl. ¶¶ 9–11.) On March 31, 2015, the Court ordered Grell to show cause why he should not be compelled to obey the IRS summons. (Doc. No. 5.) In response, Grell filed two documents, totaling 106 pages, titled "Non-Statutory Plea in Abatement in Exclusive Equity" and "Amicus Curiae Affidavit for the Record Notice of Pre-1933 Private Citizenship Status to the Moving Party Demand for Show Cause from the Moving Party." (Doc. Nos. 6, 7.) While the specific legal arguments set forth in those voluminous filings are difficult to follow, Grell essentially argues that this Court lacks subject-matter jurisdiction because it is "sitting in militaristic, temporary war powers" and because he is a "Pre-1933 Private American Citizen" and "Private Business Trust," not a "quasi-corporate sole [sic] . . . presumed to be one with Respondent." (Doc. No. 6 at 1–3.) Grell seems to suggest that he is not subject to the jurisdiction of the United States because he is a "*de jure* private citizen[]" who has "released and disclaimed . . . all property interests, legal and equitable, in the

2

Public 'U.S. citizen' known as 'Kevin John Grell' . . . or any other derivation of said commercial *nom de guerre*/name of war." (Doc. No. 7 at 2–3.) He reiterated that point at a hearing held on June 2, 2015, asserting that neither the United States nor this Court have jurisdiction over him because is a private American citizen.

## ANALYSIS

The IRS has the authority to issue a summons to take testimony and examine potentially relevant books, papers, records, or other data for the purpose of "ascertaining the correctness of any [tax] return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability." 26 U.S.C. § 7602(a); *see also United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984) ("In order to encourage effective tax investigations, Congress has endowed the IRS with expansive information-gathering authority; § 7602 is the centerpiece of that congressional design."). If a taxpayer refuses to comply with an IRS summons, the federal government "may seek judicial enforcement of the summons in the appropriate federal district court which 'shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.'" *United States v. First Nat'l Bank*, 727 F.2d 762, 763 (8th Cir. 1984) (quoting 26 U.S.C. §§ 7402(b), 7604(a)); *see also* 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."); *id.* § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . .").

To obtain judicial enforcement of an IRS summons, the government must make a prima facie showing that (1) the IRS investigation is pursuing a legitimate purpose; (2) the inquiry "may be relevant" to that purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57–58 (1964); *see also United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005). If the government meets this burden, which can be satisfied by an affidavit from an IRS agent, "[t]he taxpayer can rebut a prima facie case for enforcement under *Powell* by demonstrating that the *Powell* requirements have not been satisfied, or by showing that enforcement of the summons would represent an abuse of the court's enforcement powers." *Norwood*, 420 F.3d at 892–93. While the burden on the IRS to make a prima facie showing on the *Powell* requirements is "slight," the burden on the challenger to rebut that showing is "great." *Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004); *see also Norwood*, 420 F.3d at 893 ("The burden of proof on the taxpayer necessary to overcome a prima facie showing of proper purpose is a heavy one because only substantial countervailing policies or express statutory prohibition should stand in the way of effective government performance of congressionally imposed responsibility to enforce the tax Code.") (quotations and citation omitted).

The government has met its prima facie burden through the declaration of revenue officer Brellenthin. The summons was issued in furtherance of an investigation into the federal tax liability of Grell for 2011 and 2012, which is a legitimate purpose specifically authorized by § 7602(a). The information sought in the summons, namely testimony and

4

documents related to Grell's income for the tax years in question, are relevant to the purpose of the IRS's investigation and not already within its possession. (*See* Brellenthin Decl. ¶¶ 9, 11.) In addition, Brellenthin has declared that the IRS has followed the required administrative steps for issuing a summons. (*Id.* ¶ 10.) Grell, on the other hand, has not met his heavy burden of rebutting the government's showing on the *Powell* factors or otherwise demonstrating that judicial enforcement of the summons would constitute an abuse of the court's process. His submissions do not address these considerations, but instead challenge the Court's jurisdiction through the kind of "'tax-protestor' arguments that are routinely rejected as frivolous." *United States v. Wankel*, 803 F. Supp. 2d 1334, 1337 (D.N.M. 2011); *see also United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting as "meritless" an argument by tax protestors that "they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation"). This Court unquestionably has jurisdiction over this action pursuant to 26 U.S.C. §§ 7602(b) and 7604(a), as well as 28 U.S.C. §§ 1340 and 1345.[1]

Because Grell has not rebutted the government's prima facie showing for enforcement under *Powell*, this Court recommends that the petition to enforce the IRS summons be granted. And given the legally baseless nature of Grell's refusal to comply

---

[1] This Court denies Grell's request for a "private, *ex parte*, evidentiary hearing in chambers" to review his "special and private, proprietary trust documents." (Doc. No. 6 at 2.) Grell has made no showing that *in camera* review of such documents is relevant to rebutting the government's compliance with the requirements for enforcement of an IRS summons or is otherwise appropriate.

with the IRS summons, this Court further recommends that the government's request to recover its costs in maintaining this action be granted and that the government, should it elect to pursue such costs, be ordered to submit a bill of costs to allow the Court to make a proper determination on the amount to be awarded.[2] *See* Fed. R. Civ. P. 54(d) ("[C]osts . . . should be allowed to the prevailing party."); *United States v. Swanson Flo-Systems, Co.*, No. 11-MC-0012, 2011 WL 1827422, at *1 (D. Minn. May 12, 2011) (granting a petition to enforce an IRS summons and awarding the government "its costs associated with the instant petition"); *United States v. Lindberg*, No. 05-2581, 2006 WL 1371670, at *2 (D. Minn. May 17, 2006) (granting a petition to enforce an IRS summons and the government's request for an award of costs, and ordering the government to "submit a bill of costs . . . so that the Court may make a proper determination on the amount of costs to be awarded").

---

[2] The Court emphasizes that the government has only requested "costs," which are traditionally distinguished from attorney's fees and do not include such fees. *See* Fed. R. Civ. P. 54(d) (distinguishing between costs and attorney's fees); *McNabb v. Riley*, 29 F.3d 1303, 1306 (8th Cir. 1994) (rejecting the notion that "costs" under 20 U.S.C. § 107d-2(d) "implicitly includes attorney's fees," and explaining that "[t]he general rule in this country is that a prevailing litigant, though entitled to statutory costs, may not collect attorney's fees from the loser"). Expenses that may be taxed as costs pursuant to Fed. R. Civ. P. 54 include fees of the clerk and marshal, fees for printed or electronically record transcripts necessarily obtained for use in the case, fees for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. *See* 28 U.S.C. § 1920; *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).

# RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The United States' petition to enforce the IRS summons (Doc. No. 1) be **GRANTED**;

2. Respondent Kevin Grell be directed to fully comply with the summons issued on August 5, 2014, and appear before an IRS representative at such time and place as may be fixed by the IRS;

3. The United States' request to recover its costs in maintaining this action be **GRANTED**; and

4. The United States, should it elect to pursue such costs, be ordered to submit a bill of costs so that the Court may make a proper determination of the amount of costs to be awarded.


Date:  June 4, 2015

>   *s/ Becky R. Thorson*
>   BECKY R. THORSON
>   United States Magistrate Judge


# NOTICE

Under D. Minn. LR 72.2(b), a party may file and serve specific written objections to this Report and Recommendation by **June 18, 2015**. A party may respond to those objections within **fourteen days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c). This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.