# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Misc. No. 15-8 (JRT/BRT) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| KEVIN GRELL, | |
| Respondent. | |

Bahram Samie, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for petitioner.

Kevin Grell, c/o Limitless Love Life and Illumination, 2515 White Bear Avenue, Suite AB-262, Maplewood, MN 55109, *pro se*.

Respondent Kevin Grell ("Grell") was summoned on August 5, 2014, by the Internal Revenue Service ("IRS") to produce documents relating to income he received in 2011 and 2012 as part of an ongoing IRS investigation into his federal income tax liability. (Pet. to Enforce IRS Summons ("IRS Pet.") ¶¶ 4-6, Feb. 20, 2015, Docket No. 1.) Grell stated that he would not comply with the summons and failed to appear before the IRS; consequently the IRS filed a petition to enforce the summons against Grell. (*Id.*; *see also* Decl. of Bart Brellenthin ("Brellenthin Decl.") ¶¶ 6-12, Feb. 20, 2015, Docket No. 2.) Following Grell's failure to comply with the IRS summons, United States Magistrate Judge Becky Thorson issued an order that Grell show cause as to why he should not be compelled to obey the IRS summons. (Order to Show Cause, Mar. 31,

2015, Docket No. 5.)  After listening to Grell's testimony and reviewing his responses to the show cause order, the Magistrate Judge issued a Report & Recommendation ("R&R") recommending that the Court grant the United States' petition to enforce the IRS summons.  (Report & Recommendation ("R&R") at 7, June 4, 2015, Docket No. 20.) The R&R noted that Grell's arguments in opposition to the IRS summons – that he is a private state citizen not subject to U.S. tax laws – are the kinds of arguments courts "routinely reject[] as frivolous."  (R&R at 5.)

Grell filed a Writ of Error and Table of Exceptions, which this Court will construe as objections to the R&R, on June 17, 2015.  (Writ of Error Table of Exceptions Prayer for Relief ("Objections"), June 17, 2015, Docket No. 25); *see also Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984) (noting that *pro se* pleadings should be liberally construed, and are held to a less stringent standard).  Because Grell's objections are simply a rehash of the arguments the Magistrate Judge properly rejected, the Court will overrule Grell's objections and adopt the R&R.

## DISCUSSION

## I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

"The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.   GRELL'S OBJECTIONS

Although Grell's arguments are difficult to decipher, Grell's objections largely consist of a rehash of the arguments he previously presented to the Magistrate Judge.  His chief argument is that the IRS, and this Court, lack jurisdiction and authority over him. He states repeatedly that he, as "a Private American National, [and] a non-statutory Pre-1933 Private Citizen of the United States," "is not subject to, nor has he ever given consent to, the Trading with the Enemy Act, the Emergency Banking Relief Act of March 9, 1933, or temporary emergency war powers pursuant to 12 USC 95a and 50 USC App. 5(b)."  (Objections at 4-5.)  He also challenges the "assumption/presumption" that the IRS has met its prima facie burden in Grell's case, and asks again for a private

hearing before the Court regarding his "equitable, private trust rights." (Objections at 5-6.)

The relevant law as to the IRS's authority, and this Court's jurisdiction, is clear. The government may summon a taxpayer to appear before the agency to address any questions regarding tax liability, such as issues regarding the correctness of a tax return or the taxpayer's failure to submit a return. 26 U.S.C. § 7602. To prevail on a petition to enforce an IRS summons, the government must make a prima facie showing that (1) the IRS is investigating the taxpayer for a legitimate purpose; (2) the information sought is relevant to the investigation; (3) the information sought is not already possessed by the IRS; and (4) the IRS has followed the necessary administrative steps prior to seeking the enforcement of the summons. *United States v. Powell,* 379 U.S. 48, 57-58 (1964).

If a taxpayer does not comply with a summons, the IRS may apply to federal court in the district where the taxpayer resides to enforce the summons. 26 U.S.C. § 7604(a); *see also* 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . .") The district court judge "shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience." 26 U.S.C. § 7604(b).

The IRS has issued a summons; Grell has failed to comply; and as the R&R correctly noted, the IRS through the Brellenthin Declaration has made a prima facie showing to support the summons. (Brellenthin Decl.); *Powell*, 379 U.S. at 57-58. None

- 4 -

of Grell's arguments offer any credible challenge to the IRS's authority, or to this Court's jurisdiction.  Nor do they rebut the IRS's prima facie case.  Indeed, Grell's arguments are merely a rehash of those he presented before the Magistrate Judge and are therefore afforded only clear error review.  *Martinez*, 2011 WL 4974445, at *3.  In any event, Grell's argument that the R&R should be rejected because he is not a United States citizen and not subject to IRS authority is a variation of one that courts have repeatedly rejected as frivolous.  *See, e.g.*, *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[W]e reject appellants' contention that they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation." (citing *United States v. Kruger*, 923 F.2d 587, 587-88 (8th Cir. 1991)). Accordingly, this Court will overrule Grell's objections and adopt the R&R.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** Grell's objections [Docket No. 25] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 4, 2015 [Docket No. 20].  **IT IS HEREBY ORDERED** that:

1.      The United States' petition to enforce the IRS summons [Docket No. 1] is **GRANTED**.

2.      Grell is directed to fully comply with the summons issued on August 5, 2014, and appear before an IRS representative at such time and place as may be fixed by the IRS.

3.     The United States' request to recover its costs in maintaining this action [Docket No. 1] is **GRANTED**.  Should the United States elect to pursue such costs, the United States is ordered to submit a bill of costs so that the Court may make a proper determination of the amount of costs to be awarded.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   October 7, 2015
at Minneapolis, Minnesota.

_____ s/ John R. Tunheim _____
JOHN R. TUNHEIM
Chief Judge
United States District Court